UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GERARD VANDER VELDE**
**Plaintiff,**

CASE NO. 2:23-CV-1050

**v.**

**AMERICAN STRATEGIC**
**INSURANCE CORP,**
**Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, GERARD VANDER VELDE ("**Plaintiff**"), by and through the undersigned counsel, hereby file this *Complaint and Demand for Jury Trial* against Defendant, AMERICAN STRATEGIC INSURANCE CORP ("**Defendant**"), and state as follows:

**GENERAL ALLEGATIONS**
**The parties**

1. The Plaintiff are individuals who were and still are the owners of the property insured pursuant to a federal flood insurance policy which is the subject of the herein dispute.

2. Defendant was a private insurance company qualified to do business in the state of Florida and participated in FEMA's "Write Your Own" ("**WYO**") program for issuance of federal flood insurance policies.

3. Defendant issued a Standard Flood Insurance Policy ("**SFIP**") in its own name, as a fiscal agent of the United States, to the Plaintiff.

**Jurisdiction and Venue**

4. Jurisdiction herein arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, and federal common law, as well as this Court's

supplemental/pendent jurisdiction.

5. This action having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, it requires the application of federal law and federal jurisdiction is proper pursuant to 28 U.S.C. Section 1331.

6. The property insured pursuant to the SFIP which provides the basis for this action is located at 4954 SANDPIPER DRIVE, SAINT JAMES CITY, FL 33956-2834 ("**Insured Property**"), which is situated in the Middle District of Florida, Fort Myers Division, and venue is therefore proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**Factual Allegations**

7. On or about August 15, 2022, the Defendant issued the SFIP to the Plaintiff in the form of Policy Number 0FLD264004 with effective coverage dates of August 15, 2022 through August 15, 2023.

8. Pursuant to the SFIP, Defendant agreed to pay the Plaintiff for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the SFIP. In lieu of attaching the SFIP hereto, the Plaintiff incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by the Defendant during the above-referenced time period.

9. On or about September 28, 2023, while the above-described SFIP was in full force and effect, the storm surge, floodwaters, and rain associated with Hurricane Ian directly caused the Insured Property to be inundated by water, resulting in a catastrophic loss to the Insured Property as well as the Plaintiff' contents/personal property contained therein.

10. As a direct and proximate result of the flooding, the Plaintiff suffered a direct

physical loss to their Insured Property, and such loss is a covered risk pursuant to the SFIP.

11. On or about October 4, 2022, the Plaintiff timely notified the Defendant of their loss, and the Defendant assigned the Plaintiff claim number OFLD264004.

12. On or about October 12, 2022, the Defendant's authorized agents inspected the Insured Property.

13. Notwithstanding having ample time to inspect the Insured Property, take photos, prepare both a report and estimate of the damages, the Defendant failed to make a timely coverage determination and failed to adequately indemnify Plaintiff for their loss.

14. As of the date of filing this action, the Defendant has continued to fail to make a timely coverage determination and failed to adequately indemnify Plaintiff for their loss.

15. The Plaintiff has incurred replacement costs for their flood-related losses and determined the amount to be $49,400.00 ("**Loss**"), as detailed in the related invoices/receipts/estimates which are attached hereto and incorporated herein as **Composite Exhibit A** ("**Invoices**").

16. To date, the Plaintiff has not received the appropriate funds that they are entitled to toward satisfying the amount of the Loss.

17. On or about July 25, 2023, the Plaintiff notified the Defendant in writing that they were in breach of the SFIP. Proof of that written notice is evidenced by the correspondence attached hereto and incorporated herein as **Composite Exhibit B** ("**Notices**"). The Invoices incurred directly resulting from the damages from the flood were included within said Notices.

18. Despite written demand for payment and ample documentation of the Loss, the Defendant has failed and refused to pay any sums necessary to repair the Insured Property and compensate the Plaintiff for their Loss.

19. All conditions precedent to filing this action have been met or waived by the Defendant.

## COUNT I:
## ACTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201(a)

20. Plaintiff reaver and reallege the General Allegations and all of their subparts from paragraphs 1-19 as if set forth fully herein.

21. An actual and justiciable controversy exist between the parties regarding the Defendant's obligations under the SFIP, and whether the Defendant owes additional money to Plaintiff under the SFIP, and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties hereto pursuant to 28 U.S.C. § 2201(a).

## COUNT II:
## BREACH OF CONTRACT

22. Plaintiff reaver and reallege the General Allegations and all of their subparts from paragraphs 1-19 as if set forth fully herein.

23. The SFIP affords coverage to the Plaintiff as follows:

|  | Coverage | Deductible |
|---|---|---|
| **Building** | $46,000.00 | $2,000.00 |
| **Contents** | $10,000.00 | $2,000.00 |

24. As of the date of the filing of this action, the Defendant has failed to: (i) acknowledge all coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; and/or (iii) issued any payment of insurance proceeds for the Loss to the Plaintiff.

25. By its failure to acknowledge or tender any amount to address the Loss, the Defendant has materially breached the SFIP.

26. The Defendant has failed to properly indemnify Plaintiff for losses stemming from the Loss, in breach of the SFIP.

27. The Defendant has otherwise failed or refused to comply with the terms and provisions of the SFIP. As a result, the Defendant has breached the SFIP, a contract of insurance herein described.

28. The Plaintiff have suffered and continue to suffer damages resulting from Defendant's breach of the SFIP, which is a written contract.

29. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiff have not been fully paid or compensated for their damages stemming from the Loss.

30. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiff will incur attorney fees and costs to collect the correct amount due under the SFIP.

**WHEREFORE**, the Plaintiff demand declaratory relief regarding the extent of the Defendant's respective obligations under the SFIP; judgment against the Defendant for an amount up to and including the coverage limits under the SFIP; any and all other amounts payable under the SFIP; attorney fees, costs, and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any such other further and appropriate relief to which the Plaintiff may be entitled.

### **DEMAND FOR JURY TRIAL**

Plaintiff further demand a trial by jury of all issues so triable as a matter of right.

Dated this 16th day of November, 2023.

Respectfully submitted,

Respectfully submitted,

BY:     <u>*/s/ Larry A. Strauss*</u>
        LARRY A. STRAUSS, ESQ.
        Florida Bar No.: 654671

**GED LAWYERS, LLP**
*Attorneys for the Plaintiff*
7171 North Federal Highway
Boca Raton, FL 33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812
Primary Email: pdlitlaw@gedlawyers.com
Secondary Emails: lstrauss@gedlawyers.com;
        jwomack@gedlawyers.com